IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARSHA HUFFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CNET MEDIA, INC.,<br><br>Defendant. | Case No. 2:21-cv-11824-SFC-APP<br><br>Hon. Sean F. Cox |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 28)**

Plaintiff Marsha Hufford ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, submits this response to the Court's Order to Show Cause issued on June 8, 2022 (ECF No. 28 (the "OSC")).

The OSC ordered Defendant, after meeting and conferring with Plaintiff, to advise the Court as to whether it "consents to the filing of [the] Second Amended Class Action Complaint." (*Id.* at 2). Plaintiff's counsel has reached out to Defendant's counsel to arrange for a time to meet and confer as ordered by the OSC. However, notwithstanding Defendant's position on the filing of the Second Amended Complaint, Plaintiff respectfully submits, for the reasons set forth below, that the SAC was properly filed as a matter of course pursuant to Rule 15(a)(1).

## BACKGROUND

On August 6, 2021, Plaintiff initiated this action with a Class Action Complaint. (ECF No. 1 (the "Complaint").)

On April 1, 2022, more than 21 days after service of the Complaint, Plaintiff filed the First Amended Complaint (ECF No. 20 (the "FAC")) with Defendant's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2). (*See* ECF No. 17 (parties' stipulation) & ECF No. 18 at 1 ("The Stipulation is GRANTED . . . Plaintiff shall file an Amended Complaint on or before April 1, 2022.")).[1]

On May 16, 2022, Defendant filed a Motion to Dismiss the FAC. (ECF No. 23).

On June 6, 2022, the twenty-first day following the filing of the FAC, Plaintiff filed the Second Amended Complaint (ECF No. 27 (the "SAC")) "as a matter of course pursuant to Rule 15(a)(1)(B)." (*Id.* at 1 n.1.)

On June 8, 2022, the Court issued the OSC. (ECF No. 28). The OSC states, in pertinent part, that "[b]y virtue of having filed an amended complaint on April 1, 2022, . . . Plaintiffs exhausted their one-time right to amend as a matter of course under Fed. R. Civ. P. 15(a)(1)," and, "[a]s such, Plaintiffs may file[] another

---

[1] Defendant provided Plaintiff with its written consent to file the FAC, as embodied by the parties' stipulation filed at ECF No. 17, to avoid having to prepare and file a motion to dismiss the original Complaint, only to then have Plaintiff file an amended complaint pursuant to Rule 15(a)(1) within 21 days of the filing of such motion. (*See* ECF Nos. 17-18.)

amended complaint in this action 'only with the opposing party's written consent or the court's leave.'" (*Id.* at 1-2 (quoting Fed. R. Civ. P. 15(a)(2) & citing *Green v. Southfield*, 2016 WL 692529 at *3 (E.D. Mich. 2016); *United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 191 (1st Cir. 2015))).

### PLAINTIFF PROPERLY FILED THE SAC AS A MATTER OF COURSE PURSUANT TO RULE 15(a)(1)

Rule 15 "provides different ways to amend a complaint, and these ways are not mutually exclusive." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Because the rule "does not prescribe any particular sequence for the exercise of its provisions," *id.*, "a plaintiff preserves its as of right amendment under 15(a)(1) even if the plaintiff obtained previous amendments through a different provision of Rule 15." *Nuclear Watch New Mexico v. United States Dep't of Energy*, 2018 WL 3405256, at *7 (D.N.M. July 12, 2018).

In this case, Plaintiff filed the FAC with Defendant's written consent pursuant to Rule 15(a)(2) (*see* ECF Nos. 17-18), not as a matter of course within 21 days of the filing of the original Complaint pursuant to Rule 15(a)(1) – thereby "preserv[ing] [her] as of right amendment under [Rule] 15(a)(1)." *Nuclear Watch New Mexico*, 2018 WL 3405256, at *7; *see also, e.g.*, *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) ("[T]he plain language of [Rule 15] persuades the Court that Plaintiffs are entitled to amend their pleading under Rule 15 [as a matter

3

of course]" even though the plaintiffs had previously amended with the court's leave).

In *Doe #1 v. Syracuse University*, 335 F.R.D. 356, 360 (N.D.N.Y. 2020), for example, another federal district court was confronted with the same situation now before the Court in this case. The plaintiffs in *Doe #1* "first requested leave to amend their complaint pursuant to Rule 15(a)(2) because they believed there was a time gap such that they could not amend as a matter of course," and later "amended their Complaint a second time with Defendants' consent, also pursuant to Rule 15(a)(2)." *Doe #1*, 335 F.R.D. at 360. And when the plaintiffs then filed a third amended complaint pursuant to Rule 15(a)(1), within 21 days after the filing of the defendants' motion to dismiss the second amended complaint, the defendants moved to strike the third amended complaint on the grounds that "Rule 15(a)(1) only allows parties to amend once as a matter of course, and so [p]laintiffs [we]re required to [comply with] Rule 15(a)(2)." *Id.* at 358. The court disagreed and deemed the third amended complaint properly filed, holding that the plaintiffs "did not use or waive their Rule 15(a)(1) right to amend" because "[b]oth prior amendments were made pursuant to Rule 15(a)(2), and [p]laintiffs subsequently submitted their Third Amended Complaint within 21 days of [d]efendants' motion to dismiss." *Id.* at 360 (citing *Ramirez*, 806 F.3d at 1007 ("[A] plaintiff may amend in whatever order he sees fit,

4

provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).")).

This Court should reach the same conclusion. Plaintiff filed the FAC with Defendant's written consent "pursuant to Rule 15(a)(2)," and filed the SAC within 21 days of Defendant['s] motion to dismiss [the FAC]." *See Doe #1*, 335 F.R.D. at 360. As such, the SAC was properly filed as a matter of course pursuant to Rule 15(a)(1), even without leave of court or the written consent of Defendant.[2]

In the alternative, if the Court disagrees with Plaintiff's analysis, Plaintiff respectfully requests leave to file a motion for leave to file the SAC pursuant to Rule 15. Plaintiff requests leave to file that motion on or before June 17, 2022. *See, e.g.*, *Kittle v. America's Test Kitchen LP*, 2019 WL 6496596 (E.D. Mich. Dec. 3, 2019) (granting leave to amend in similar circumstance in PPPA case); *Lin v. Crain Communications, Inc.*, 2020 WL 2043527 (E.D. Mich. Apr. 27, 2020) (same).

---

[2] The decisions cited by the Court in the OSC (ECF No. 28 at 1), *Green v. Southfield* and *United States ex rel. D'Agostino v. EV3, Inc.*, are inapposite. Both of those decisions concerned plaintiffs who, unlike the Plaintiff here, sought to file amended complaints pursuant to Rule 15(a)(1) after having already made an amendment as a matter of course pursuant to Rule 15(a)(1).

5

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deem the SAC properly filed and order Defendant to file a responsive pleading within the time specified by the Federal Rules, or, in the alternative, grant Plaintiff leave to file a motion for leave to file Plaintiff's SAC.

Dated: June 9, 2022                                       Respectfully submitted,

**MARSHA HUFFORD**,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Dennis A. Lienhardt (P81118)
William Kalas (P82113)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin

Arun G. Ravindran
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2022, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com